IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN MAYO AND
ELLEN MAYO,            )
                       )
       Plaintiffs,     )
                       )
                       )     CASE NO. 3:13-468
v.                     )     JUDGE CAMPBELL/KNOWLES
                       )
                       )
BANK OF AMERICA,       )
                       )
       Defendant.      )

**REPORT AND RECOMMENDATION**

**I.  Introduction and Background**

This matter is before the Court upon Defendant's Motion to Dismiss, filed pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 7. Defendant has contemporaneously filed a supporting Memorandum of Law. Docket No. 8. As grounds for its Motion, Defendant argues that Plaintiffs' claims should be dismissed because: 1) there is no private right of action against a furnisher of credit information for furnishing false information under 15 U.S.C. § 1681s-2(a); 2) Plaintiffs' Complaint fails to state a cognizable claim under 15 U.S.C. § 1681s-2, as there is no assertion that Plaintiffs disputed the information to the credit reporting agencies or that Defendant received notice from any credit reporting agency of a dispute and failed to investigate the dispute; 3) Plaintiffs' claim is barred by the statute of limitations contained in 15 U.S.C. § 1681p; and 4) Plaintiff John Mayo has not asserted any claim against Bank of America. *Id.*

Plaintiffs, who are proceeding pro se, have filed a "Motion in Opposition to Dismiss and

1

Motion to Amend Complaint," which the undersigned will construe as a Response.[1] Docket No. 14. Plaintiffs respond that they "know full well that the Fair Credit Reporting Act 'FCRA' insulates banks and other financial institutions from recourse by consumers . . . [h]ence, PLAINTIFFS did not bring its action under the FCRA." *Id.,* p. 1. Plaintiffs note, "DEFENDANT is silent in its motion on the fundamental premise of the PLAINTIFFS case, namely that there is no contract with Ellen P. Mayo, PLAINTIFF." *Id.* Plaintiffs argue that Defendant "is rebutting a claim that was not made." *Id.* Plaintiffs' state, "this is not a matter under the FCRA[; i]t is a simple matter of contract law and libel." *Id.*, p. 3.

Plaintiffs also argue that Defendant did "defame and liable PLAINTIFF in spite of being put on notice that DEFENDANT had no proof that any contract ever existed." *Id.*, p. 2. With regard to Defendant's statute of limitations argument, Plaintiffs respond that Defendant is committing an "ongoing tort" that "repeats monthly." *Id.*

Defendant has filed a Reply, arguing that, "[r]egardless of Plaintiff's [*sic*] assertions, the gravamen of the complaint is that Bank of America [] falsely reported to the credit reporting agencies [] that Ellen Mayo was a co-debtor on John Mayo's credit card." Docket No. 15, p. 1. Defendant contends, "[i]n essence, she argues that 'I am not liable on my husband's credit card because you don't have a contract[; t]herefore what you report to the [credit reporting agencies] is false and defamatory.'" *Id.,* p. 3. Defendant notes that the "original complaint and exhibits reflect that Ms. Mayo objected to [Defendant's] advising the [credit reporting agencies' that she was co-liable with her husband on a credit card and demanded that [Defendant] correct that

---

[1] The amendment Plaintiffs seek is simply to include a request for declaratory judgment stating that Plaintiff "Ellen P. Mayo is not liable for this debt as no contract exists." Docket No. 14, p. 3.

reporting." *Id.*, p. 1.

Defendant argues that: (1) there is no private right of action against it under the FCRA; (2) the FCRA preempts claims asserting defamation with respect to filing false information with credit reporting agencies; (3) granting declaratory relief is discretionary; (4) there is no contractual dispute that is ripe for determination because there is no assertion that Defendant has attempted to enforce any obligation of Ms. Mayo; (5) the Court should deny Plaintiffs' attempt to amend their Complaint to include declaratory relief because it would not settle a controversy or clarify the legal relations between the parties; and (6) Mr. Mayo has not asserted a claim against Defendant, and Plaintiffs did not address this point in their Response, thereby apparently conceding this fact. *Id., passim.*

Plaintiffs filed this action in the Chancery Court for Davidson County, Tennessee on April 8, 2013, alleging that Bank of America "intentionally falsely reported the credit history of spouses of its credit card holders and made other legal demands (for repayment and other demands) of spouses of its credit card holders . . . when it has no evidence that any contract exists between DEFENDANT and the [Plaintiffs] now, or at any time [*sic*] the past."[2] Docket No. 1 at 6. This action was removed from the Chancery Court of Davidson County on May 16, 2013 pursuant to 28 U.S.C. §§ 1441 and 1446. *Id.* at 1. Defendant invoked this Court's subject matter jurisdiction on the basis of diversity and federal question, citing the "Fair Debt Collection Practices Act, 15 U.S.C. §1681, et seq. [*sic*]." (The Court assumes that Defendant intended to

---

[2] Plaintiffs assert that this matter should be certified as a class action. It is, however, well established that a non-attorney proceeding pro se cannot adequately represent a class. *Ziegler v. State of Michigan*, 90 Fed. Appx. 808, 810 (6th Cir. 2004); *see also Heard v. Caruso*, 351 Fed. Appx. 1, 15 (6th Cir. 2009). Accordingly, the undersigned will focus on Plaintiffs' individual claims against Defendant.

3

refer to the Fair Credit Reporting Act, which is found at 15 U.S.C. § 1681, et seq., and not the Fair Debt Collection Practices Act, which is found at 15 U.S.C. § 1692e.)

Plaintiffs, who are Tennessee residents, assert that Bank of America damaged Plaintiff Ellen Mayo's credit by falsely reporting to credit reporting agencies that she was a co-debtor on a credit card allegedly issued solely to her husband, John Mayo. Docket No. 1. Plaintiffs aver that Plaintiff Ellen Mayo was not a party to the contract between Defendant and Plaintiff John Mayo. *Id.* at 10.

Plaintiffs aver that, on March 16, 2011, Plaintiff Ellen Mayo wrote a letter to Bank of America, informing them that she had not signed any agreement with Defendant; that she was not personally liable for the account under Tennessee law; that she had not used the credit card at issue; and demanding that Defendant take all necessary steps to repair the damage to her credit report, including notifying the three major credit reporting agencies. *Id.* at 16 (copy of Plaintiff Ellen Mayo's letter). In her letter, Ms. Mayo also requested that Bank of America write her a letter stating its error. *Id.*

Plaintiffs aver that on April 7, 2011, Bank of America "Customer Advocate," Melissa Hood, responded to Ms. Mayo's letter. *Id.* at 19-20 (copy of Bank of America's letter to Plaintiffs). In that letter, Ms. Hood explained that, according to Bank of America's records, Mr. Mayo had opened an account with City-Bank Honolulu on October 10, 1994, which had then been converted to an account with MBNA America, and ultimately converted to an account with Bank of America on July 28, 2011. *Id.* at 19-20. Ms. Hood explained that, at the time the account was converted, Mr. Mayo was listed as the primary account holder and Mrs. Mayo was listed as the co-applicant, such that the account was considered a joint account. *Id.* Ms. Hood

noted that the last four payments had been made using Ms. Mayo's checking account, and that the checks upon which those payments had been made bore Ms. Mayo's signature. *Id.* Ms. Hood additionally noted that all monthly billing statements had been sent to Plaintiffs' address, with both names listed, and that no statements had been returned by the U.S. Postal Service as undeliverable. *Id.* Ms. Hood stated that, according to their records, Bank of America had not received any additional written or verbal disputes regarding Ms. Mayo being a co-applicant on the account. *Id.* Ms. Hood also explained that Bank of America retains credit applications for twenty-five months, and that accordingly, that Bank of America no longer had a copy of Plaintiffs' original signed application on the account. *Id.* Plaintiffs aver that this business practice constitutes "an ongoing enterprise-wide decision to hide and destroy this evidence from this court or every other court." *Id.* at 9.

Significantly, Plaintiff's Complaint says absolutely nothing about the Fair Credit Reporting Act, and that term never appears in the Complaint.

Plaintiffs contend that Defendant has "invented its own theory of contract law" to hold both spouses liable for all obligations at Bank of America. *Id.* at 9. Plaintiffs allege that Defendant determined that Plaintiff Ellen Mayo was liable for Plaintiff John Mayo's account because she made payments to the credit card account in question. *Id.* Plaintiffs contend that Defendant's actions constitute "the comingling [*sic*] of contractual obligations" for its own financial benefit. *Id.* at 12.

Plaintiffs aver that, as a result of Defendant's actions, Plaintiff Ellen Mayo's credit rating has been unfairly damaged, Plaintiff Ellen Mayo was held individually liable for her spouse's debts, and evidence of Plaintiffs' contract was intentionally destroyed. *Id.* at 12. Plaintiffs seek

5

twenty-five thousand dollars in compensatory damages, and one million dollars in punitive damages. *Id.* at 13. In addition to monetary damages, Plaintiffs demand that Defendant be required to correct its credit reporting as to Plaintiff Ellen Mayo. *Id.* As noted above, Plaintiffs, in their Response to the instant Motion, also seek to amend their Complaint to include a request for a declaratory judgment that Ms. Mayo is not liable for this debt. Docket No. 14, p. 3.

For the reasons set forth below, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED IN PART and DENIED IN PART.

## II.  Analysis

**A.  Standard of Review:  Motion to Dismiss**

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. at 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate

6

standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

**B. The Case at Bar**

As discussed above, Defendant's Motion to Dismiss is centered around the FCRA. Defendant asserts that, although Plaintiffs never explicitly alleged the FCRA as grounds for their Complaint, Plaintiffs must have essentially brought their Complaint pursuant the FCRA because, "[r]egardless of Plaintiff's [*sic*] assertions, the gravamen of the complaint is that Bank of America [] falsely reported to the credit reporting agencies [] that Ellen Mayo was a co-debtor on John Mayo's credit card." Docket No. 15, p. 1. Defendant continues, "[i]n essence, she argues that 'I am not liable on my husband's credit card because you don't have a contract[; t]herefore what you report to the [credit reporting agencies] is false and defamatory.'" *Id.*, p. 3.

Significantly, however, Plaintiffs respond that they "know full well that the Fair Credit Reporting Act 'FCRA' insulates banks and other financial institutions from recourse by consumers . . . [h]ence, PLAINTIFFS did not bring its action under the FCRA." Docket No. 14, p. 1.

Plaintiffs' allegations revolve around their contention that Plaintiff Ellen Mayo was not a party to the contract between Defendant and Plaintiff John Mayo and was therefore not liable for his debt such that Defendant's reporting her liability to the credit reporting agencies was erroneous and libelous. *See* Docket No. 1. Plaintiffs' Complaint focuses on the dispute regarding whether there was a contract between Ms. Mayo and Defendant: Ms. Mayo asserts there was no contract between them, while Defendant asserts that a contract existed at one time, but Defendant concedes that they no longer have the original credit card application for the account at issue.

Plaintiffs are the masters of their case and the allegations of their Complaint. The grounds upon which they file suit are their prerogative, and Defendant cannot "reclassify" those grounds. Because Defendant's Motion to Dismiss focuses on grounds not raised by Plaintiff, the undersigned recommends denying the instant Motion with respect to Ms. Mayo's claims.[3]

The instant Motion also asserts that Mr. Mayo has not asserted any claim against Defendant. Docket No. 7, p. 4. Plaintiffs have not responded to this contention. A review of Plaintiffs' Complaint reveals that Plaintiffs' allegations relate to Defendant and Ms. Mayo. *See*

---

[3] Defendant also raises a statute of limitations ground for dismissal. Docket No. 7, p. 4. The statute of limitations to which Defendant refers, however, is that of the Fair Credit Reporting Act, which, for the reasons set forth above, is not the basis of Plaintiffs' lawsuit. The undersigned will, therefore, not address Defendant's statute of limitations argument.

8

Docket No. 1. Accordingly, to the extent that Defendant seeks the dismissal of Mr. Mayo's "claims," the undersigned recommends granting that portion of Defendant's Motion.

### III. Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED IN PART and DENIED IN PART. Specifically, the undersigned recommends granting Defendant's Motion with respect to any "claims" asserted by Mr. Mayo, but denying Defendant's Motion with respect to the claims asserted by Ms. Mayo.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge